NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA DIBATTISTA a/k/a BARBARA WARDELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUCKALEW FRIZZELL & CREVINA LLP, and JOHN AND JANE DOES (1-25),<br><br>Defendants. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 2:13-cv-01639 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Buckalew Frizzell & Crevina LLP ("Defendant") to Dismiss the Complaint of Barbara DiBattista ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion to Dismiss is **granted**.

**I.     BACKGROUND[1]**

On March 12, 2013, Defendant wrote a letter to Plaintiff (the "Letter") in an attempt to collect a debt in the amount of $3,216.84 purportedly owed by Plaintiff to The Kensington Gate Homeowners Association, Inc. (the "Association"). Plaintiff claims that the following two portions of the Letter violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

---

[1] The facts from this section are taken from the parties' pleadings.

1

1692 *et seq.*:

> (1) Please be advised that if you do not make payment in full to the Association of the above-stated amount *(plus $75.00 for the attorney's fees incurred in preparing this letter)* by April 15, 2013, the Association may file a lien claim against your unit and/or institute a foreclosure action or collection lawsuit seeking payment of all amounts due--including acceleration of your annual common expense assessment through the end of the Association's current fiscal year, which is December 31, 2013--plus interest, late charges, costs of suit and attorney's fees. (emphasis added).
>
> (2) Please be advised that unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt or any portion thereof, *the debt will be assumed to be valid by this law firm and the Association*; moreover if you notify this law firm in writing within the 30-day period that the debt or any portion thereof is disputed, the law firm will obtain a verification of the debt and mail it to you. (emphasis added).

Plaintiff filed a Complaint on March 16, 2013, alleging that Defendant violated §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(1), 1692g(a)(3), and 1692(f) of the FDCPA (ECF No. 1). Defendant filed the instant Motion to Dismiss on May 7, 2013 ("Def.'s Mot.," ECF No. 10). Plaintiff filed an Opposition on May 16, 2013 ("Pl.'s Opp'n," ECF No. 12). Defendant filed a Reply on May 30, 2013 (ECF No. 15).

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the

heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

### III. DISCUSSION

#### A. Conversion to Summary Judgment

In its Motion to Dismiss, Defendant included the substance of a private conversation between the attorneys for the parties (See Def's Mot. at 8-10). Plaintiff asserts that due to this inclusion, Defendant's Motion "should be summarily denied, or in the alternative, this Court [should] convert it to a summary judgment motion or should order a hearing since defense counsel has made themselves a fact witness regarding Plaintiff's claims against Defendant" (Pl.'s Opp'n at 7).

When a defendant includes materials extrinsic to the pleadings in a Motion to Dismiss, a district court "has the authority to convert the . . . motion into a Motion or Summary Judgment at its discretion." Smith v. Church St. Corp., No. 06-966, 2006 WL 1307714, at *3 (D.N.J. May 8, 2006). As this case is in an early stage, this Court declines to exercise this authority. See id. ("This case remains in its early stages, and discovery has not been completed. At this point, it would be inappropriate for the Court to convert a pre-answer Motion to Dismiss into a Motion for Summary Judgment."); Kurdyla v. Pinkerton Sec., 197 F.R.D. 128, 131 (D.N.J. 2000) (A court should not convert a motion . . . when little or no discovery has occurred."). Accordingly,

this Court will not consider the extraneous conversation included by Defendant in its Motion to Dismiss. See Kurdyla, 197 F.R.D. at 131 (deciding not to convert a motion to dismiss into a motion for summary judgment and stating that it will therefore "not consider the additional materials submitted by the parties").

**B. Plaintiff's FDCPA Claims**

Plaintiff alleges that Defendant violated various subsections of § 1692 of the FDCPA by sending the Letter. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Claims arising under the FDCPA must be analyzed from the perspective of the "least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006). While this standard is meant to protect consumers, "it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000) (citation omitted).

**1) § 1692g(a)(3)**

Section 1692g(a)(3) of the FDCPA provides that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

The Letter included the following statement: "Please be advised that unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt or any

4

portion thereof, the debt will be assumed to be valid by this law firm *and the Association* . . . ." (emphasis added). Plaintiff asserts that this language violates § 1692g(a)(3) because:

> [I]t informs the least sophisticated consumer that unless she disputes the validity of the alleged debt . . . the creditor as well as the debt collector will assume[] the alleged debt to be valid, when in fact pursuant to §1692g(a)(3) of the FDCPA, the debt collector not the creditor may assume the alleged debt to be valid.

(Compl. ¶ 36). In Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 365 (2d Cir. 2005), the plaintiff made an identical claim, arguing that § 1692g(a)(3) had been violated because "defendants, in their letter, stated not only that the *debt collector* would assume the debt as valid if no protest was lodged within thirty days of receipt, but also that the *creditor* would make the same assumption." The Second Circuit rejected this argument, stating the following:

> We . . . fail to see how the defendants' addition to the letter's disclosure statement would mislead or deceive in any way. The letter's language tracks the statute almost verbatim; only the reference to "creditor" differs from the FDCPA itself. When read by the least sophisticated debtor, nothing in the letter's current wording would discourage a debtor from contesting the debt within the thirty day window. . . . Nor could the letter be read, in any reasonable fashion, to suggest that the creditor's rights somehow change after thirty days. Quite simply, we do not see how the addition reduces the veracity or lucidity of the letter's disclosure statement.

Id. at 365-66. This Court finds the Second Circuit's logic persuasive. While Plaintiff argues that "Greco is not binding on this Court," Plaintiff points to no cases that *are* binding on this Court that support the notion that the Letter violated § 1692g(a)(3) by stating that both the debt collector and the creditor will assume the debt to be valid if it is not disputed within thirty days (See Pl.'s Opp'n at 17-18). Accordingly, Plaintiff has not stated a claim under § 1692g(a)(3).

**2) § 1692f**

15 U.S.C. § 1692f(1)[2] provides that "[t]he collection of any amount (including any

---

[2] Plaintiff states in her Opposition that the Complaint asserts a violation of § 1692f and that Defendant has "incorrectly argue[d] that Plaintiff pled a violation of Section 1692f(1)" (Pl's Opp'n at 3 n.3). However, Plaintiff's Complaint clearly uses the language of § 1692f(1).

5

interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of the FDCPA. The Letter stated that, in addition to the underlying $3,216.84 debt, Plaintiff owes the Association "$75.00 for the attorney's fees incurred in preparing this letter." Plaintiff confusingly asserts that this portion of the Letter is in violation of § 1692f because "Defendant has never filed a lien claim on behalf of [the Association] for $75.00 when such amount represented the only amount due, and was [the] result of attorneys' fees incurred in preparing a letter" (Compl. ¶ 34). In her Opposition, Plaintiff clarifies that the inclusion of the $75.00 fee was improper because it was a contingent fee and "neither Defendant's agreement . . . nor applicable law authorizes contingent attorney's fees to be due before a judicial determination has been made" and "if Defendant's attorney's fees are 'contingent', it is logically impossible that they were due at the time Defendant sent their collection letter to Plaintiff" (Pl.'s Opp'n at 14).

Plaintiff's arguments are problematic because nowhere in the Complaint does Plaintiff assert that the fee listed in the Letter is a contingency fee. Further, Plaintiff has alleged no facts in the Complaint that support the notion that the attorney's fees were not yet due at the time Defendant sent the Letter. Section 1692f(1) simply states that the collection of a debt must be authorized by law or agreement. Defendant has attached a copy of the Association's policy for the collection of overdue payments to its Motion to Dismiss.[3] The document includes the following language:

> If payment in full, including late fees, fines and attorney's fees and costs is not received . . . a lien will be recorded in the Office of the Monmouth County Clerk and a law suit will be instituted seeking all amounts due and owing by the unit

---

[3] "On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court is free to take judicial notice of certain facts that are of public record if they are provided to the court by the party seeking to have them considered." Taha v. I.N.S., 828 F. Supp. 362, 364 n.2 (E.D. Pa 1993). The document submitted by Defendant has been publicly filed.

owner including late fees, fines, attorney's fees and costs.

(Def's Mot. at Ex. B). Therefore, it is clear that the imposition of attorney's fees was authorized by agreement, as Plaintiff is a member of the Association. Accordingly, Plaintiff's allegation that Defendant violated § 1692f fails.

### 3) §§ 1692e, 1692e(5), 1692e(10), and 1692g(a)(1)

Plaintiff asserts in her Opposition that Defendant has failed to address §§ 1692e, 1692e(5), 1692e(10), and 1692g(a)(1) in its Motion to Dismiss and that therefore the Motion must be denied. It is true that Defendant did not make any arguments specific to these subsections like it did for §§ 1692g(a)(3) and 1692f. To the extent that Defendant raises arguments about these subsections in its Reply, this Court will ignore those argument because Defendant did not include them in its Motion to Dismiss. However, Defendant does argue in its Motion to Dismiss that Plaintiff's *entire* Complaint is insufficient because Plaintiff "merely recit[es] the statutory sections of the Act followed by conclusory allegations" and "Plaintiff fails to mention in any part of the Complaint in what way, how or why" Defendant has violated the various sections (Def.'s Mot. at 8). This Court agrees. With respect to § 1692e(5), Plaintiff merely states that Defendant violated this section by "[m]aking false threats to take any action that cannot legally be taken or that is not intended . . . to be taken" without providing any information as to why Defendant cannot legally take or does not intend to take such action (Compl ¶ 43). This conclusory language is insufficient to withstand a Motion to Dismiss. See Nicholas v. CMRE Fin. Servs., Inc., No. 08-4857, 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) ("By limiting itself to the language of the statutes and failing to provide any facts specific to [the plaintiff], the [c]omplaint, as currently constituted, cannot meet the requirements of Rule 8(a)(2) [and] Iqbal . . . and this Court grants Defendant's motion with respect to Plaintiff's

FDCPA claims."). With respect to § 1692e(10), Plaintiff states that Defendant violated this section by "[u]sing false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (Id.). Again, Plaintiff provides no factual support for this notion other than the allegation that that the $75.00 attorney's fee was improper and the allegation that the statement in the Letter that both the creditor and the debt collector will assume the debt to be valid was improper. As discussed above, these arguments fail. With respect to § 1692g(a)(1), Plaintiff asserts that Defendant violated this section by "[f]ailing to properly disclose the amount due" (Id.). Plaintiff further states that "Defendant's collection letter. . . caused Plaintiff uncertainty and forced her to guess how much money she allegedly owed and how much money she would need to pay by April 15, 2013 to prevent [the Association] from filing a lien claim against her unit" (Id. ¶ 32). This Court finds no support in the Complaint for this allegation. The Letter, as submitted by Plaintiff, states that Plaintiff owes "$3,216.84 . . . plus $75.00 for the attorneys' fees incurred in preparing this letter" (Id. Ex. A). This language clearly informs even the "least sophisticated debtor" of the amount that is owed. Finally, with respect to § 1692e, Plaintiff states that Defendant violated this section by "[u]sing false, deceptive and misleading representations or means in connection with the collection of any debt" (Id. ¶ 43). Plaintiff asserts that the Letter is false, deceptive, and misleading because Defendant did not effectively state the amount of the alleged debt and falsely stated that the Association will assume the debt to be valid unless it is disputed (Id. ¶ 31). As already discussed, this Court rejects these arguments. Accordingly, Plaintiff has failed to state any plausible claim under the FDCPA and Defendant's Motion to Dismiss is granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted**. An appropriate

order follows this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:      November 15, 2013
Original:  Clerk's Office
cc:        Hon. James B. Clark U.S.M.J.
           All Counsel of Record
           File